UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**WILLIAM DOUGLAS ELI COPE, Jr.**                                                              **PLAINTIFF**

v.                                                                    CIVIL ACTION NO. 3:15CV-P253-JHM

**HEALING PLACE FOR MEN et al.**                                                              **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, William Douglas Eli Cope, Jr., filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the following reasons, the complaint will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff, who is currently a pretrial detainee at the Louisville Metro Department of Corrections, names as Defendants The Men's Healing Place, Louisville, Kentucky, and the following employees of The Men's Healing Place:  Karyn Hascel, President; Jay Davidson, Executive Director; Steve Hanks, Director of Programs; and Reginald Ezell, Coordinator of Programs.  Plaintiff alleges that "several times in 2014 as well as once in 2013 I made attempts to sign into the Detox Location at the Mens Healing Place for residency and particapationing envolments with the Alcohol/Drug Rehabilitation programs . . . ."  He states that he was denied once in 2013 and twice in 2014 by Defendants Davidson and Hanks.  He states that he was told by Defendant Hanks that he "should check into Central State Hospital or possibly . . . U of L [psychiatric] ward for treatment because the Healing Place doesn't treat mental patients." Plaintiff alleges further that he and Defendant Hanks "have had a lot of past issues and problems

due too conflicts of interest concerning his abuse of authority for the past 20 years." Plaintiff alleges that he knows as many people as Defendants Davidson and Hanks "knows to be on" psychiatric medication and are permitted to be housed at The Men's Healing Place. He alleges that he is being "discriminated against due to my disabilities and my Physc. Meds as well as personal issues Mr. Davidson and Mr. Hanks has against me from part participations in the programs as well as living at the shelter as a permanent resident." Plaintiff wants compensation for his "civil rights" and asks for monetary and punitive damages and injunctive relief.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Here, there is no indication that The Men's Healing Place is a government entity. It appears to be a private entity, and Plaintiff does not allege that it is a state actor for purposes of a § 1983 action. Nothing in Plaintiff's complaint or attachments thereto show that these Defendants are state actors, *i.e.*, acted under color of state law. Therefore, Plaintiff fails to state a § 1983 claim because none of Defendants are state actors.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss the instant action.

Date: September 4, 2015

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009